FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK C.,<br><br>                Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                Defendant. | NO: 1:21-CV-03083-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 13, 14. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Benjamin J. Groebner. The

ORDER - 1

1  Court, having reviewed the administrative record and the parties' briefing, is fully

2  informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 13, is

3  granted and Defendant's Motion, ECF No. 14, is denied.

## JURISDICTION

5  Mark C.[1] (Plaintiff) filed for disability insurance benefits and supplemental

6  security income on May 21, 2019, alleging in both applications an onset date of

7  March 1, 2019. Tr. 382-89. Benefits were denied initially, Tr. 309-12, and upon

8  reconsideration, Tr. 318-31. Plaintiff appeared at a hearing before an administrative

9  law judge (ALJ) on September 8, 2020. Tr. 234-54. On October 8, 2020, the ALJ

10  issued an unfavorable decision, Tr. 29-46, and the Appeals Council denied review.

11  Tr. 1-7. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

13  The facts of the case are set forth in the administrative hearing and transcripts,

14  the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are

15  therefore only summarized here.

16  Plaintiff was 46 years old at the time of the hearing. Tr. 239. He graduated

17  from high school. Tr. 240. He has work experience as a cook. Tr. 240-41.

18  Plaintiff testified he has COPD and uses an inhaler three to four times a day. Tr.

19  241-42. He has supraventricular tachycardia (SVT) which is when his heart beats

---

[1] Plaintiff's last initial is used to protect his privacy.

ORDER - 2

1    abnormally fast. Tr. 243. Plaintiff also has anxiety which is triggered by stress and
2    can cause SVT. Tr. 243. Twenty years ago, he witnessed a murder and ever since
3    has been withdrawn and unable to be around crowds of people. Tr. 244-45. At his
4    last job, he had a lot of issues with coworkers and customers. Tr. 245. His last job
5    ended because he had to go to the hospital for his heart issue. Tr. 247. Since then,
6    his heart has gotten worse, his breathing problem is worse, and his mental health and
7    anxiety intensify his health issues. Tr. 247.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156

ORDER - 3

(9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 5

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other

ORDER - 6

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 1, 2019, the alleged onset date. Tr. 34. At step two, the ALJ found that Plaintiff has the following severe impairments: tachycardia, coronary artery disease, COPD, depressive disorder, obesity, and generalized anxiety disorder. Tr. 35. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 35.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> The claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk about 6 hours in an 8-hour workday and can sit about 6 hours. He can frequently climb ramps and stairs but only occasionally ladders, ropes, and scaffolds. He can frequently stoop, kneel, crouch, and crawl. He can have

ORDER - 7

occasional exposure to hazardous machinery, unprotected heights, and pulmonary irritants, such as fumes, odors, dust, gases, and poorly ventilated areas. He can understand, remember, and carryout [sic] simple, routine instructions with only brief and superficial interactions with the public and occasional interactions with coworkers and supervisors.

Tr. 37.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 40. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as small product assembler, production assembler, and routing clerk. Tr. 41. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from March 1, 2019, the alleged onset date, through the date of the decision. Tr. 42.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims;

2. Whether the ALJ properly evaluated the medical opinion evidence;

3. Whether the ALJ properly considered the lay witness evidence; and

ORDER - 8

    4. Whether the Appeals Council properly considered evidence submitted after the ALJ's decision.

ECF No. 13 at 2.

## DISCUSSION

**A.    Symptom Claims**

Plaintiff contends the ALJ improperly rejected his subjective complaints. ECF No. 13 at 7-15. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the

ORDER - 9

claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found that Plaintiff's tachycardia and coronary artery disease have not been treated except for medication management since the alleged onset date. Tr. 39. The type, dosage, effectiveness and side effects of medication and other treatment taken to alleviate pain or other symptoms as well are relevant factors in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). However, it is not clear how Plaintiff's treatment reflects on his allegations regarding limitations from his heart issues, as the ALJ did not discuss the type or dosage of medication, other types of treatment which might be expected,

ORDER - 10

or any medical opinion evidence supporting the conclusion that Plaintiff's treatment for his heart issues is not commensurate with his symptom claims. Further, the ALJ found that Plaintiff's tachycardia and coronary artery disease "were shown to be controlled with medications," yet records not available to the ALJ may indicate that is not the case as he reported to the emergency room numerous times with rapid heartbeat. *See e.g.,* Tr. 13, 81, 88, 130. Defendant does not respond to Plaintiff's argument on this issue, ECF No. 14 at 4-8, and the court concludes the ALJ's finding is insufficiently explained and supported.

Second, the ALJ found Plaintiff has made no changes in lifestyle or diet to address his obesity and found that obesity does not have any specific effect on function. Tr. 39. A person may have exertional or nonexertional limitations resulting from obesity, and the combined effects of obesity with other impairments may cause greater limitations than each of the impairments considered separately. Social Security Ruling 19-2p, 2019 WL 2374244, at *4 (effective May 20, 2019). As Plaintiff observes, while an ALJ may consider a claimant's failure to follow prescribed treatment, this refers to treatment like medication, surgery, and therapy, and does not include lifestyle modifications such as dieting, exercise, or smoking. Social Security Ruling 18-3p, 2018 WL 4945641, at *3 (effective October 2, 2018). Even so, there is no evidence either that Plaintiff was directed to lose weight as part of a prescribed treatment or any evidence that treatment would be successful. *See Orn v. Astrue*, 495 F.3d 625, 637 (9th Cir. 2007). Additionally,

ORDER - 11

the basis for the ALJ's determination that there is no "specific effect" of obesity on function is not adequately explained. Tr. 39. Defendant does not respond to Plaintiff's argument on this issue, ECF No. 14 at 4-8, and the court concludes the ALJ's finding is not supported by substantial evidence.

Third, the ALJ found Plaintiff's COPD, anxiety and depression are adequately controlled with medication. Tr. 39. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). Even if these findings are adequately supported, the ALJ's errors regarding evaluation of Plaintiff's heart issues and obesity mean the ALJ must reevaluate Plaintiff's symptom claims on remand.

**B.    Medical Opinions**

Plaintiff contends the ALJ failed to properly weigh the opinions of David Lindgren, M.D., and K. Mansfield-Blair, Ph.D. ECF No. 13 at 15-20.

For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*,

ORDER - 12

2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).[2]  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may, but is not required, to explain how other factors were considered.  20 C.F.R. §§ 404.1520c, 416.920c.

---

[2] Plaintiff asserts the "specific and legitimate" standard applies despite the new regulations; Defendant argues to the contrary.  ECF No. 13 at 15-16; ECF No. 14 at 8-9.  A recent Ninth Circuit decision settles the matter: "While we agree with the government that the 'specific and legitimate' standard is clearly irreconcilable with the 2017 regulations, the extent of the claimant's relationship with the medical provider - what we will refer to as 'relationship factors' - remains relevant under the new regulations."  *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).  The court goes on to note the regulations provide, "We *may, but are not required to*, explain how we considered the [relationship] factors… when we articulate how we consider medical opinions . . . in your case record." *Id.* at 791-92 (quoting 20 C.F.R. § 404.1520c(b)(2) (emphasis added)).

ORDER - 13

### 1. *David Lindgren, M.D.*

Plaintiff's primary care physician, David Lindgren, M.D., completed a WorkFirst Documentation Request Form for Medical or Disability Condition in May 2019. Tr. 502-05. He diagnosed coronary artery disease, COPD, and anxiety, and indicated that Plaintiff has limitations including difficulty breathing and anxiety that can exacerbate his heart disease. Tr. 502. He opined that Plaintiff is capable of light work, that he should work zero hours per week, and that the treatment plan includes limited activity and medication. Tr. 503.

The ALJ found Dr. Lindgren's May 2019 opinion that Plaintiff can perform light work persuasive and consistent with the record. Tr. 40. However, despite crediting the opinion, the ALJ did not address Dr. Lindgren's findings regarding limited activity and the combined effect of anxiety and heart disease. Tr. 40, 502-03. It is error to disregard significant and probative evidence without comment. *See Vincent v. Heckler,* 739 F.2d 1393, 1394 (9th Cir. 1984). On remand, the ALJ should consider those findings and either explain how they are accounted for in the RFC finding or reject them.

Dr. Lindgren completed a second WorkFirst form in July 2020. Tr. 527-29. He indicated that Plaintiff has only diagnoses of depression and anxiety that require special accommodations and that Plaintiff is limited to zero hours of work per week. Tr. 527. He opined Plaintiff is limited in the ability to concentrate for extended

ORDER - 14

periods of time and in the ability to interact with people. Tr. 527. He also assessed limitations on lifting and carrying and limited Plaintiff to sedentary work. Tr. 528.

The ALJ found Dr. Lindgren's July 2020 opinion unpersuasive because the limitations are unsupported by citations to objective evidence. Tr. 40. The ALJ found that Dr. Lindgren's records indicate a history of anxiety and depression, but that exam findings indicate Plaintiff presented as "happy" with a full range affect, intact thought processes and unremarkable content, good attention, and was fully oriented. Tr. 40 (citing Tr. 531, 534). However, the ALJ cited treatment notes from June 2019, more than a year before this opinion was rendered. Tr. 531, 534. Treatment notes made contemporaneously with the opinion indicate, "[t]he patient still has considerable anxiety and depressive symptoms . . . . He feels that he is doing okay as long as he can stay at home and not need to leave the house." Tr. 537. The records cited by the ALJ do not reasonably support the ALJ's conclusion. The ALJ provided no other reason for finding Dr. Lindgren's 2020 opinion unpersuasive. Thus, the ALJ should reassess the supportability and consistency of Dr. Lindgren's 2020 opinion on remand.

  2. *K. Mansfield-Blair, Ph.D.*

Dr. Mansfield-Blair evaluated Plaintiff in July 2019 and diagnosed depressive disorder and anxiety disorder. Tr. 517-22. She opined he would have no difficulty performing simple and repetitive tasks, no difficulty accepting instruction from supervisors, no difficulty interacting with coworkers and the public, no difficulty

ORDER - 15

performing work activities on a daily basis without special or added instruction, and no difficulty dealing with the usual stress encountered in the workplace, but that he would have difficulty maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition, given his current lack of mental health treatment. Tr. 521-22.

The ALJ found that Dr. Mansfield-Blair's opinion that Plaintiff can perform simple tasks is persuasive. Tr. 39-40. The ALJ found her opinion that Plaintiff has no social limitations is not persuasive and assessed some limitations on interactions with the public, coworkers, and supervisors. Tr. 37, 40. These findings are not disputed by Plaintiff. ECF No. 13 at 19-20. Next, the ALJ found Dr. Mansfield-Blair's opinion that Plaintiff would have difficulty maintaining attendance is not persuasive. Tr. 40. The ALJ noted that Dr. Mansfield-Blair cited a lack of mental health treatment as the basis for the attendance limitations, but the ALJ noted there was "ongoing treatment and medication management by primary care." Tr. 40 (citing Tr. 537-611). Plaintiff contends this is not a sound reason for discounting this limitation. ECF No. 13 at 20.

Plaintiff notes Dr. Mansfield-Blair had only one medical record to review, ECF No. 13 at 20, which was an office visit note from Dr. Lindgren dated June 3, 2019. Tr. 533-34. Under the "Treatment" heading, "generalized anxiety disorder" is listed followed by notes to "Continue Sertraline HC1 Tablet" and "Continue Lorazepam Tablet" along with dosages. Tr. 533. Under the "History of Present

ORDER - 16

Illness" heading, Dr. Lindgren noted, "ANXIETY: Patient did well with increased dose of sertraline. Currently 100 mg once daily. Anxiety seems to be improved significantly. He continues on ½ mg lorazepam 3 times daily. He is using this fairly regularly. He [sic] does continue to work well for him." Tr. 534. Contrary to Dr. Mansfield-Blair's statement, Plaintiff's mental health was being treated with medication. Plaintiff asserts this misunderstanding by Dr. Mansfield-Blair cuts in his favor, suggesting that he did not improve while being treated. ECF No. 13 at 20. This argument is contradicted by Dr. Lindgren's note which indicates Plaintiff "did well" with an increased dose, that Plaintiff's anxiety is "improved significantly" and the medication "continues to work well for him." Tr. 534.

Plaintiff argues the ALJ's reasoning "has nothing to do with her workplace limitations." ECF No. 15 at 10. However, it was Dr. Mansfield-Blair who identified a lack of treatment as the basis for the attendance limitation. The ALJ observed the exclamation for the limitation is not supported by the medical record, which means that Dr. Mansfield-Blair's assessment of that limitation is unsupported. This is a proper reason to disregard the limitation.

### C. Lay Witness

Plaintiff contends the ALJ should have assessed lay witness evidence from Plaintiff's former brother-in-law, Brian R. ECF No. 13 at 20-21. An ALJ is not required to articulate how he considered evidence from nonmedical sources under the new regulations. *See* 20 C.F.R. §§ 404.1520c(d), 416.920c(d). The amended

ORDER - 17

regulations, however, do not eliminate the need for the ALJ to consider lay witness statements. The ALJ did not mention the lay witness statement or otherwise indicate it was considered. On remand, the ALJ should reference consideration of the lay witness statement as appropriate.

### D. Evidence Submitted to the Appeals Council

Plaintiff contends the Appeals Council erred by not properly considering 201 pages of evidence submitted after the ALJ's decision. ECF No. 13 at 4-7. When the Appeals Council declines review, "the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence, based on the record as a whole." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (citation and internal quotation marks omitted). The "record as a whole" includes any new evidence made part of the record by the Appeals Council. *Id.* at 1163. The district court must consider such new evidence in determining whether the Commissioner's decision is supported by substantial evidence. *Id.* at 1159-60. Denial of remand is appropriate "notwithstanding the existence of new evidence only when there would be substantial evidence supporting the ALJ's denial of disability benefits even if the new evidence were credited and interpreted as argued by the claimant." *Gardner v. Berryhill*, 856 F.3d 652, 658 (9th Cir. 2017). Since this matter is remanded on other grounds, the records submitted after the ALJ's decision are part of the record for consideration by the ALJ on remand.

ORDER - 18

# CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 12, 2022.

_____
LONNY R. SUKO
Senior United States District Judge